Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy L. B. Ginsburg (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **ANTHONY RODRIGUEZ,** | ) | **Case No.:** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT AND DEMAND FOR** |
| | ) | **JURY TRIAL** |
| **NAVIENT SOLUTIONS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | **(Unlawful Debt Collections Practices)** |
| | ) | |

## COMPLAINT

ANTHONY RODRIGUEZ ("Plaintiff"), by and through his counsel, Kimmel &

Silverman, P.C., alleges the following against NAVIENT SOLUTIONS, INC. ("Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act

("TCPA").

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v.

Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.      Defendant conducts business in the State of New Jersey and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Pennsauken Township, New Jersey 08110.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a lender with its principal place of business located at 123 Justison St., Wilmington, DE 19801.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     Plaintiff has a cellular telephone number that he has had for over a year.

11.     Plaintiff has only used this number as a cellular telephone number.

12.     Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

13.     The Defendant was calling Plaintiff regarding an alleged student loan debt.

14.     When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

- 2 -

PLAINTIFF'S COMPLAINT

1
2
3
15.     Plaintiff knew Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as Defendant's calls began with a noticeable pause and/or delay before a live representative came on the line.

4
5
16.     Defendant's telephone calls were not made for "emergency purposes," but rather were placed with the intent of ascertaining and collecting an alleged debt owed by Plaintiff.

6
7
17.     Shortly after the calls began, Plaintiff sent Defendant a letter and demanded that Defendant stop placing calls to his cellular telephone regarding the alleged debt.

8
9
18.     Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling his cellular telephone number.

10
11
19.     Despite the above, Defendant persisted in calling Plaintiff on his cellular telephone.

12
13
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

14
15
20.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

16
17
21.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

18
19
20
22.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

21
23.     Defendant's calls to Plaintiff were not made for emergency purposes.

22
23
24.     Defendant's calls to Plaintiff, after he revoked consent, were not made with Plaintiff's prior express consent.

24

25

PLAINTIFF'S COMPLAINT

25.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, ANTHONY RODRIGUEZ, respectfully prays for judgment as follows:

a.     All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

b.     Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

c.     Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.     Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

e.     Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ANTHONY RODRIGUEZ, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

1

2

## <u>CERTIFICATION PURSUANT TO L.CIV.R.11.2</u>

3

     I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not

4

subject to any other action pending in any court, arbitration or administrative proceeding.

5

6

                             Respectfully submitted,

7

Dated: 2/12/20                     By: <u>/s/ Amy L. B. Ginsburg</u>

8

                             Amy L. B. Ginsburg, Esquire

9

                             Kimmel & Silverman, P.C.

10

                             30 East Butler Pike
                             Ambler, Pennsylvania 19002

11

                             Phone: (215) 540-8888
                             Facsimile: (877) 788-2864

12

                             Email: aginsburg@creditlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S COMPLAINT